## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENRICK C. HAMILTON,
             Appellant,

v.

DEPARTMENT OF HOMELAND
   SECURITY,
             Agency.

DOCKET NUMBER
DC-1221-15-0307-W-1

DATE: June 24, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenrick C. Hamilton, Springfield, Virginia, pro se.

Alex L. Kutrolli, Eileen K. Byrne, and Mary Youssef, Arlington, Virginia,
   for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The record shows that the appellant, a Federal Air Marshal, filed a complaint with the Office of Special Counsel (OSC) alleging that the agency had retaliated against him for prior protected activity by disclosing his income to the Family Court of the State of New York. *See* Initial Appeal File (IAF), Tab 1 at 8, 11. OSC closed its investigation of the appellant's complaint and advised him that, because he alleged that he was the victim of prohibited personnel practices protected by 5 U.S.C. § 2302(b)(9), he may have the right to seek corrective action from the Board. IAF, Tab 1 at 11.

¶3 The appellant timely filed a request for corrective action with the Board. *Id* at 6, 11. On the appeal form, he indicated that the agency had subjected him to a reduction in grade or pay by releasing his W-2 statement to a third party without his consent, which violated law and agency policy and resulted in pain, suffering, and overgarnishment of his wages. *Id.* at 4, 6. The administrative judge issued an order to show cause advising the appellant that, to establish Board jurisdiction over his IRA appeal, he must prove that he exhausted his administrative remedies

before OSC and make nonfrivolous allegations that: (1) he made a protected disclosure or engaged in specified protected activity; and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action. IAF, Tab 3. The appellant responded that he had engaged in protected equal employment opportunity (EEO) activity in 2006, 2012, and 2014, and that, in reprisal for this protected activity, the agency intentionally failed to remit his child support payments to the New York State child support processing center and violated agency policy and the Privacy Act by releasing his W-2 statement to the New York State Family Court without his permission.[2] IAF, Tab 5 at 4-10, 32-36. The appellant further alleged that the W-2 statement released by the agency reflected a "false salary," which damaged his credibility and caused his child support payments to increase. *Id.* at 9. The agency moved to dismiss the appeal for lack of jurisdiction and the appellant submitted a response in opposition. IAF, Tabs 10-11.

¶4 The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding a hearing.[3] IAF, Tab 13, Initial Decision (ID). The administrative judge found that: (1) the appellant failed to demonstrate exhaustion of his administrative remedies because, although he may have shown exhaustion as to the agency's release of his W-2 statement pursuant to a court order, he had failed to show that he had specifically identified any protected activity to OSC; and (2) even if he had exhausted his administrative remedies, the release of a W-2 statement pursuant to a court order did not constitute a personnel action protected by law. ID at 4-5.

---

[2] The agency deducts child support payments from the appellant's salary and pays the support payments directly to the New York State child support processing center. *See* IAF, Tab 5 at 5, 32-33, 35, 69-70. The record contains two notices from the child support agency notifying the appellant that it had not received a support payment from his employer for past months and that his account was delinquent. *Id.* at 32-33.

[3] The appellant did not request a hearing. IAF, Tab 1 at 3.

¶5 The appellant has filed a petition for review in which he appears to argue that, contrary to the administrative judge's findings, he did prove that he exhausted his administrative remedies and that he was subjected to an actionable personnel action.[4]  *See* Petition for Review (PFR) File, Tab 1 at 5-6.  The agency has responded in opposition to the appellant's petition for review, and the appellant has replied to the agency's opposition.  PFR File, Tabs 7-8.

¶6 In an IRA appeal, the appellant must first establish that the Board has jurisdiction over the appeal by proving, inter alia, that he exhausted his administrative remedies before OSC.  *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014).  The Board's jurisdiction over an IRA appeal is thus limited to the issues the appellant specifically raised before OSC, and an appellant must articulate with reasonable clarity and precision before OSC the basis for his request for corrective action in order to provide OSC with a sufficient basis to pursue an investigation that could lead to corrective action.  *Id*.  The test of the sufficiency of an appellant's claim to OSC is the statement that he made in the complaint requesting corrective action, not his post hoc characterization of those statements.  *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993).  An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including, but not limited to OSC's determination letter and

---

[4] With his petition for review, the appellant has submitted "new evidence," including what appears to be a copy of the agency's discovery requests and email correspondence with the agency's representative regarding the agency's discovery requests.  Petition for Review (PFR) File, Tab 1 at 6, 10-32.  The appellant has not explained, and we cannot discern, the relevance of these documents to the jurisdictional issue before us.  *See id.* at 6.  The appellant also has filed a motion for leave to submit additional "new evidence" that he was unable to submit with his petition for review due to the 10 megabyte size limitation on pleadings submitted through the Board's e-Appeal system.  PFR File, Tab 5.  We DENY the appellant's motion for leave to submit an additional pleading because he has failed to describe the nature and need for the pleading and demonstrate that any evidence therein was not readily available before the record closed.  *See* 5 C.F.R. § 1201.114(a)(5).

other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).

¶7        As discussed above, the OSC close-out letter provided by the appellant states that OSC reviewed his allegation that the agency retaliated against him "based on prior protected activities by disclosing [his] income to the Family Court of the State of New York." IAF, Tab 1 at 11. The appellant has not submitted any evidence to show that he specifically raised any other alleged personnel action before OSC.[5] *See* IAF, Tabs 1, 5, 11; PFR File, Tabs 1, 5, 8. Thus, we agree with the administrative judge that the appellant failed to exhaust his administrative remedies as to any alleged personnel action other than the disclosure of his income to the Family Court. *See* ID at 4. Moreover, while the OSC close-out letter identifies the appellant's complaint as one under 5 U.S.C. § 2302(b)(9), it does not reference any particular "prior protected activities" that the appellant identified to OSC. IAF, Tab 1 at 11. The appellant argues on review that he verbally informed OSC of his prior EEO activity, *see* PFR File, Tab 1 at 6, but the record contains no evidence to corroborate his bare assertion, *see* IAF, Tabs 1, 5, 11; PFR File, Tabs 1, 5, 8. As discussed above, post hoc characterizations of statements made to OSC are insufficient to establish exhaustion; rather, it is the appellant's burden to prove Board jurisdiction by providing evidence showing that he has exhausted his administrative remedies. *See Mason*, 116 M.S.P.R. 135, ¶ 8. As the record is devoid of any evidence

---

[5] In the initial decision, the administrative judge indicated that two of the appellant's submissions—namely, his response to the show cause order, IAF, Tab 5, and reply to the agency's motion to dismiss, IAF, Tab 11—were "exceedingly difficult to decipher." ID at 3 n.3. On review, the appellant argues that the administrative judge's apparent difficulty with his pleadings was detrimental to his case and that these submissions "prove[]" that he exhausted his remedies with OSC. PFR File, Tab 1 at 5. However, there is no additional evidence in these pleadings regarding the appellant's exhaustion of remedies before OSC, and we discern no basis to disturb the administrative judge's finding as to exhaustion. *See* IAF, Tabs 1, 5, 11; PFR File, Tabs 1, 5, 8.

showing that the appellant advised OSC of the specific alleged protected activity upon which he now bases this IRA appeal, we agree with the administrative judge that the appellant has failed to establish that he exhausted his administrative remedies. *See* ID at 4; *see also Mason*, 116 M.S.P.R. 135, ¶ 8. As such, the Board lacks jurisdiction over this IRA appeal.

¶8    Although the administrative judge correctly determined that the Board lacks jurisdiction to consider the appellant's allegations of reprisal for protected activity, she proceeded to offer an alternate basis for rejecting the appellant's IRA claim—namely, that, even assuming that the appellant had exhausted his administrative remedy, the disclosure of a W-2 pursuant to a state court order is not a covered personnel action. ID at 4-5. On review, the appellant challenges the administrative judge's alternate determination and appears to argue that he made a nonfrivolous allegation of a protected personnel action by showing that the agency violated the Privacy Act and internal agency policy related to the handling of personally identifiable information when it disclosed his financial information without his consent. *See* PFR File, Tab 1 at 5-6. As stated above, however, exhaustion with OSC is a jurisdictional prerequisite to the Board's consideration of the substance of an appellant's allegedly protected disclosure and any resulting personnel action, *see Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992), and the scope of an IRA appeal is limited to those matters raised before OSC.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website

at   http://www.mspb.gov/probono   for   information   regarding   pro   bono representation for Merit Systems Protection Board appellants before the Federal Circuit.    The   Merit   Systems   Protection   Board   neither   endorses   the   services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                                        William D. Spencer
                                                        Clerk of the Board

Washington, D.C.